IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| V. | ) | CASE NO: 1:14CR10003-001 |
| | ) | |
| MARCUS TYRONE WAYNE | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S 28 U.S.C. § 2255
MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

COMES NOW the United States of America, by and through Clay Fowlkes, Assistant United States Attorney for the Western District of Arkansas, and for its Response to Defendant's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence states:

**Factual and Procedural History**

On July 11, 2012, Marcus Tyrone Wayne (hereinafter "Wayne") was named in a two-count Indictment. (Doc. 8). Count 1 charged Wayne with conspiracy to distribute more than 280 grams of cocaine base in violation of 21 U.S.C. §§841(a)(1), (b)(1)(A)(iii) and 846, and Count II charged him with conspiracy to possess more than five (5) kilograms of cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii), and 846.

On July 31, 2012, Wayne appeared with counsel, Clark Birdsall and Michele Daniels, before the Honorable Barry A. Bryant and entered a plea of not guilty as to both counts. (Doc. 15).

On June 20, 2014, Wayne appeared with counsel, Frank Rubino, before the Honorable Susan O. Hickey and waived his right to prosecution by Indictment. (Doc. 1). He was then charged by Information with conspiring to distribute a mixture or substance containing a detectable amount of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. (Doc. 2) Wayne pled guilty to the Information (Doc. 4) in exchange for the government's agreement to dismiss the Indictment

1

previously filed. His change of plea was pursuant to a written Plea Agreement entered into between the parties. (Doc. 5).

As part of the written Plea Agreement, Wayne admitted that on June 8, 2012, he had conspired with Terry Gafford and others to possess with intent to distribute cocaine. Wayne and his counsel both signed the Plea Agreement in which the United States and Wayne agreed that a sentence of 108 months was a fair and reasonable sentence in this case and that such a sentence would be recommended to the court. (Doc. 5).

The United States Probation Office prepared Wayne's Presentence Investigation Report (PSR) on August 27, 2014 (Doc. 7), and determined Wayne's base offense level to be 32, but his total offense level to be 31 after adjustments for acceptance of responsibility and role in the crime. (PSR, pg. 12). Based on Wayne's total offense level of 31 and a criminal history category of I, his guideline range was 108 to 135 months. (PSR, pg. 23).

On November 21, 2014, Wayne appeared for sentencing and the Court adopted the PSR report, but reduced Wayne's base offense level from 32 to 30 in accordance with guideline amendments published on November 1, 2014, thereby reducing his total offense level from 31 to 29. (Doc. 20). The Court then sentenced Wayne to 108 months imprisonment and 3 years supervised release, in accordance with the plea agreement. Wayne did not appeal his conviction.

On June 1, 2016, Wayne file the instant 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence ("§ 2255 Motion") claiming a denial of his Sixth Amendment right to effective assistance of counsel. (Doc. 24). The Court directed the United States to file its response by August 1, 2016 initially (Doc. 25), but pursuant to the United States' Motion for Extension of Time to File Response (Doc. 26), directed the United States to file its response by August 22, 2016. (Doc. 27).

## *Argument*

Under 28 U.S.C. § 2255, "[a] prisoner in custody under sentence ... claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). The court may grant the motion if it finds "that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement on the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255(b). In his *pro se* § 2255 Motion, Wayne seeks relief on only one ground, that he was denied his Sixth Amendment right to Counsel because of his attorney's ineffective assistance.

Wayne's claims should be dismissed because his § 2255 Motion is untimely.

## I.  An Evidentiary Hearing Is Not Required

28 U.S.C. § 2255 provides in pertinent part:

> Unless the motion and the files and records of the case conclusively
> show that the prisoner is not entitled to relief, the court shall . . . grant
> a prompt hearing thereon.

28 U.S.C. § 2255.

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Court states:

> The motion, together with all the files, records, transcripts, and
> correspondence relating to the judgment under attack, shall be
> examined promptly by the judge to whom it is assigned. If it
> plainly appears from the face of the motion and any annexed

> exhibits in the prior proceedings in the case that the movant is
> not entitled to relief in the district court, the judge shall make an
> order for its summary dismissal and cause the movant to be notified.

When a petition is brought under § 2255, the petitioner bears the burden of establishing the need for an evidentiary hearing. In determining whether petitioner is entitled to an evidentiary hearing, the court must take many of petitioner's factual averments as true but the court need not give weight to conclusory allegations, self interest and characterizations, discredited inventions, or opprobrious epithets. *United States v. McGill*, 11 F.3d 223, 225 (1st Cir.1993). "A section 2255 petition can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible or conclusions rather than statements of fact." *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir.1998) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir.1995)).

When the information necessary for the court to make a decision with regard to claims raised in a § 2255 motion is included in the record, there is no need for an evidentiary hearing. *Rogers v. United States*, 1 F.3d 697, 699 (8th Cir.1993). An evidentiary hearing is unnecessary where the files and records conclusively show petitioner is not entitled to relief. *United States v. Ledezma-Rodriguez*, 423 F.3d 830, 835-36 (8th Cir.2005). In this case, Wayne's § 2255 Motion should be dismissed without a hearing based on it being untimely and because he raises issues which are not cognizable in a § 2255 motion.

## II. Wayne's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence Must be Denied as Untimely

Wayne's § 2255 Motion is untimely. A motion to vacate, set aside, or correct a sentence may be based upon the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), motions under this section must be filed within a one-year period that begins to run from the latest of the following dates:

(1) *the date on which the judgment of conviction becomes final*;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f) (emphasis added).

Here, the operative date is contained in § 2255(f)(1), "the date on which the judgment of conviction [became] final." In circumstances like this where there is no appeal, a defendant has one year to file his § 2255 motion, and that time starts when the judgment becomes final. *See*, *e.g.*,

*Anjulo-Lopez v. United States*, 541 F.3d 814, 816 n. 2 (8th Cir.2008); *Never Misses A Shot v. United States*, 413 F.3d 781, 782 (8th Cir.2005). Under Fed.R.App.P 4(b), Wayne had 14 days to file a notice of appeal. Thus, the judgment in this case became final on or about December 16, 2014, 14 days after the judgment was entered on December 2, 2014. Consequently, under the provisions of 28 U.S.C. § 2255(f)(1), the time for filing a § 2255 motion expired on or about December 16, 2015. Accordingly, Wayne's § 2255 Motion, which was not filed until June 1, 2016, was filed well beyond the last day it properly could have been filed, and is, therefore, untimely and the District Court lacks jurisdiction to consider the merits of Wayne's claim. Even if the Court were to consider Wayne's § 2255 Motion, his claims would fail on the merits as discussed below.

### III. Wayne is Unable to Demonstrate He Received Ineffective Assistance of Counsel

#### A. Ineffective Assistance of Counsel Standard

Wayne claims he received ineffective assistance of counsel prior to pleading guilty. The standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), provides the framework for evaluating an ineffective assistance of counsel claim. Under *Strickland*, a petitioner must show that his counsel's performance was both deficient and prejudicial to obtain relief. *Id.* at 687. That is, "the movant must show that his lawyer's performance fell below the minimum standards of professional competence (deficient performance) and that there is a reasonable probability that the result of the proceedings would have been different if his lawyer had performed competently (prejudice)." *Alaniz v. United States*, 351 F.3d 365, 367–68 (8th Cir.2003) (*citing Strickland*, 466 U.S. at 690, 694).

### B. Effect of Wayne's Guilty Plea

However, in this case, Wayne pled guilty and when a guilty plea is delivered by the movant, the focus of a collateral attack must remain limited to the nature of counsel's advice and the voluntariness of the plea. *Bass v. United States,* 739 F.2d 405, 406 (8th Cir.1984) (*citing Tollett v. Henderson*, 411 U.S. 258, 266 (1973)). A guilty plea operates as a break in the chain of events of the criminal process. *Tollett*, 411 U.S. at 267. Once a criminal defendant solemnly professes his guilt before the court, "he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Id.* Only the voluntary and intelligent character of the guilty plea may be attacked. *Id.* Although the *Tollett* decision concerned state prisoner habeas corpus petitions, the Eighth Circuit adopted and applied its rationale to motions under Section 2255. *Bass*, 739 F.2d at 406. As discussed above, Wayne's guilty plea was made knowingly and voluntarily. Therefore, because Wayne's allegations are conclusory in nature and do not affect the determination that his guilty plea was voluntary or intelligent, Wayne is barred from challenging counsel's alleged failure to investigate and prepare for trial. *Tollett*, 411 U.S. at 267.

### C. Assuming, *Arguendo*, Wayne's Ineffective Assistance of Counsel Claims Are Not Barred, Wayne Is Unable to Demonstrate Prejudice Caused by Counsel's Alleged Ineffectiveness

Establishing ineffective assistance in the guilty plea context requires a defendant to show that his counsel's performance meets the ineffectiveness standard in Strickland, 466 U.S. at 687, and that but for counsel's ineffectiveness, he would not have pleaded guilty and would have proceeded to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Tinajero-Ortiz v. United States*, 635 F.3d 1100, 1103 (8th Cir. 2011). Examination of Wayne's ineffective assistance claim in his § 2255 Motion demonstrates that nowhere does he claim that but for his attorney's ineffectiveness

he would not have pled guilty but instead would have proceeded to trial. As discussed above, Wayne's own statements under oath at his plea hearing belie any claim that his plea was not knowing and voluntary.

Furthermore, this Court need not examine whether counsel's performance was deficient -- "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Tinajero-Ortiz*, 635 F.3d at 1104 (*citing Williams v. United States*, 452 F.3d 1009, 1014 (8th Cir. 2006)). Here, Wayne makes vague and conclusory allegations about a variety of ways his counsel was ineffective, including that he failed to convey a plea offer to Wayne, failed to investigate a "sentencing entrapment" theory, and failed to file an appeal for him. However, Wayne's own exhibits contradict his claims.

For instance, Wayne claims that his attorney, Frank Rubino, allowed a 97-month plea offer to expire on March 31, 2014, without ever conveying that offer to him. However, Wayne attaches multiple Exhibits "A" to his § 2255 Motion, one of which is a letter dated July 3, 2013, from his attorney Frank Rubino, in which Mr. Rubino tells Wayne that when the government makes a plea offer to him, Rubino is obligated by the law to present that offer to Wayne, even if it makes Wayne angry. (Petitioner's Exhibit "A"). Wayne also attached an e-mail from the federal prosecutor to Mr. Rubino dated September 13, 2013, in which he agrees to keep the 97-month offer open for an additional week until September 20, 2013, as well as another Exhibit "A" in which Mr. Rubino e-mails the federal prosecutor on March 31, 2014, telling him that Wayne would not accept the 97-month offer. In yet another Exhibit "A", Wayne attaches a letter dated November 12, 2014, in which Mr. Rubino reminds Wayne that he "turned it down, you refused it[.]" when referring to the 97-month offer, and yet another letter in which Mr. Rubino writes to Wayne regarding sentencing

8

and reminds Wayne that he rejected the 97-month plea offer and accepted 108 months. (Wayne's Exhibit "A").

Other than making the conclusory allegation that his attorney allowed the 97-month plea offer to expire without conveying it to Wayne, he offers no factual support for this allegation, and this allegation is squarely contradicted by his own exhibits.

In the same vein, Wayne argues that his counsel should have argued for a lower sentence at sentencing because the judge "just may have granted the low end of 87 months." (§ 2255 Motion, pg 5) Wayne argues that he was "innocent" of the drug quantity that he pled guilty to, but agrees that the judge discussed the amount of cocaine he was accused of purchasing and the sentencing guideline range at the sentencing hearing. (§ 2255 Motion, pg.10). Wayne argues only that the record was "unclear" about his understanding of what that meant to his sentence, but once again does not offer any factual support for this conclusory statement. (§ 2255 Motion, pg. 10).

Wayne appears to argue that the probation officer that prepared his PSR to make Wayne's criminal behavior appear worse than it was, and says if trial counsel had argued for a lesser sentence, it "could have resulted in a downward department in the guideline range calculation." (§ 2255 Motion, pg. 9). Wayne offers no factual support for this conclusory statement.

Wayne argues that his attorney did not file an appeal on his behalf, but offers no factual support for his contention that he asked for such an appeal to be filed, other than his Exhibit "E" which appears to be a letter Wayne wrote to Mr. Rubino before he was even sentenced. Wayne attaches Exhibit "E" to his § 2255 Motion showing that he himself filed a Motion for Extension of Time to file Notice of Appeal on January 3, 2015. In this Motion, Wayne admits that he "found out" on December 31, 2014, that his appeal was never filed, but does not explain what efforts he

9

made between his plea date of November 21, 2014, and the date he "found out" his appeal wasn't filed on December 31, 2014, to discover this information. Further, Wayne does not explain in his § 2255 Motion why, once he filed his Motion for Extension of Time to file Notice of Appeal, he did not actually file the appeal. Finally, Wayne offers no explanation for why his § 2255 Motion was not filed timely, nor does he make any argument about why the one-year limitation period should not apply to him.

Wayne does not demonstrate a reasonable probability that the result of the proceedings would have been different had his counsel performed his complained about allegations prior to the negotiation of the plea agreement. His assertion, therefore, is subject to dismissal as being conclusory and lacking the sufficiency necessary to state a claim for relief. *Hollis v. United States*, 796 F.2d 1043, 1046 (8th Cir.) ("vague and conclusory allegations are not sufficient to state a ground for relief under 28 U.S.C. § 2255"), *cert. denied*, 479 U.S. 965 (1986); *Voytik v. United States*, 778 F.2d 1306, 1308–10 (8th Cir.1985) (no evidentiary hearing required where prisoner failed to make specific, non-conclusory allegations); *Smith v. United States*, 677 F.2d 39, 41 (8th Cir.1982) (conclusory allegations, unsupported by any specifics, are subject to dismissal); *Smith v. United States*, 618 F.2d 507, 510 (8th Cir.1980) (wholly conclusory claims will not suffice to command an evidentiary hearing). Thus, Wayne's unsupported allegations should be dismissed.

### *Conclusion*

For the foregoing reasons, the United States respectfully requests that Wayne's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence be ***DENIED***.

Respectfully submitted,

KENNETH ELSER
UNITED STATES ATTORNEY


By: /s/ *Clay Fowlkes*
Clay Fowlkes
Assistant U.S. Attorney
Arkansas Bar No.2003191
414 Parker Avenue
Fort Smith, AR 72901
479-783-5125


**CERTIFICATE OF SERVICE**

I, Clay Fowlkes, Assistant U.S. Attorney for the Western District of Arkansas, hereby certify that on this 19th day of August, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of the following pleading to:

Marcus Tyrone Wayne #11055-010
Forrest City Low Federal Correctional Institution
P. O. Box 9000
Forrest City, AR 72336.

/s/ *Clay Fowlkes*
Clay Fowlkes
Assistant United States Attorney