IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

UNITED STATES OF AMERICA                  RESPONDENT

v.                    Criminal No.    1:14-cr-10003
                         Civil No.        1:16-cv-1045

MARCUS TYRONE WAYNE                     MOVANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Movant is Marcus Tyrone Wayne ("Wayne") who is proceeding *pro se*. On June 1, 2016, Wayne filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. ECF No. 23. After being directed by the Court to respond, the Government filed a response to this Motion. ECF No. 28. Wayne was granted an extension to file a reply to the Government's response, but no reply was ever filed. ECF No. 30. This matter is ripe for decision.

The Motion was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case. The Court has reviewed the Motion and the Response; and based upon that review, recommends this Motion be **DENIED**.

**1.**      **Procedural Background**:[1]

Wayne was named in a two-count Indictment on July 11, 2012 in case 1:12-cr-10013. ECF No. 8. He was charged as follows: (1) Count 1, conspiracy to distribute more than 280 grams of cocaine base in violation of 21 U.S.C. §§841(a)(1), (b)(1)(A)(iii) and 846, and (2) Count II, conspiracy to possess more than five (5) kilograms of cocaine with intent to distribute in violation

---

[1]The procedural background is taken from the Motion and Response as well as the Court's docket in this matter.

of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii), and 846.  On July 31, 2012, Wayne appeared with counsel and entered a plea of not guilty as to both counts.  ECF No. 15.

On June 20, 2014, Wayne appeared with counsel and waived his right to prosecution by Indictment in case 1:14-cr-10003.  ECF No. 1.  He was then charged by Information with conspiring to distribute a mixture or substance containing a detectable amount of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846.  ECF No. 2.  Wayne pled guilty to the Information (ECF No. 4) in exchange for the government's agreement to dismiss the Indictment previously filed in 1:12-cr-10013.

The plea of guilty was pursuant to a written Plea Agreement entered into between the parties.  ECF No. 5.  As part of the written Plea Agreement, Wayne admitted that on June 8, 2012, he conspired with Terry Gafford and others to possess with intent to distribute cocaine.  Wayne, and his counsel, signed the Plea Agreement in which the United States and Wayne agreed a sentence of 108 months was a fair and reasonable sentence in this case and such a sentence would be recommended to the court.  *Id.*  United States District Judge Susan O. Hickey accepted his plea of guilty and directed the United States Probation Office to prepare a Pre-Sentence Report (PSR) pursuant to the United States Sentencing Guidelines (USSG).  ECF No. 4.

On September 18, 2014, the United States Probation Office filed Wayne's PSR.  ECF No. 9.  The PSR determined Wayne's adjusted offense level to be 34.  His total offense level was determined to be 31 after an adjustment for acceptance of responsibility.  ECF No. 7, Pg. 12.  Based on Wayne's total offense level of 31 and a criminal history category of I, his guideline range was 108 to 135 months.  ECF No. 7, Pg. 23.

On November 21, 2014, Wayne appeared for sentencing. ECF No. 18. There were no objections and the Court adopted the PSR. The Court also reduced Wayne's adjusted offense level from 34 to 32 in accordance with guideline amendments published on November 1, 2014, thereby reducing his total offense level from 31 to 29. ECF No. 20. This reduction resulted in guideline sentence range of 87 to 108 months imprisonment. The Court then sentenced Wayne to 108 months imprisonment and 3 years supervised release. ECF No. 20. Wayne did not appeal his conviction.[2]

On June 1, 2016, Wayne filed this § 2255 motion and claims his trial counsel was ineffective for a variety of reasons. ECF No. 23. On August 19, 2016, the Government responded to this Motion. ECF No. 28. In this response, the Government claims Wayne's Motion is clearly time-barred. *Id.* In the alternative, the Government claims that even if Wayne's Motion is not time-barred, Wayne has failed to meet the requirements for relief under § 2255. *Id.* This Motion is now ripe for consideration.

**2.  Applicable Law:**

A § 2255 motion is fundamentally different from a direct appeal. "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

**3.  Discussion**:

In the substantive portion of his Motion, Wayne raises several claims of ineffective assistance of counsel. Upon review, I find this Motion is time-barred. Accordingly, I will not address the substance of Wayne's claims.

---

[2]On May 20, 2015 Plaintiff's Motion for Extension of Time to File Notice Of Appeal (ECF No. 21) was denied as untimely and Wayne never filed a Notice of Appeal. ECF No. 22.

**a. Statute of Limitations:** The Government argues Wayne's Motion was not timely filed. On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) was signed into law. As amended by the AEDPA, 28 U.S.C. § 2255 imposes a one-year statute of limitations on § 2255 motions, stating in pertinent part:

> (f) A 1–year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Under § 2255(f)(1), a judgment may become final at different times, depending upon when a defendant's options for further direct review are foreclosed. *See United States v. Gamble*, 308 F.3d 536, 537 (5th Cir.2000); *United States v. Thomas*, 203 F.3d 350, 352 (5th Cir.2000). When the Defendant takes no direct appeal, the judgment becomes final when the availability of appeal or a petition for certiorari expires. *See Griffith v. Kentucky*, 479 U.S. 314, 321 n. 6 (1987). In a criminal case, the defendant has fourteen (14) days to file a notice of appeal. *See* FED. R .APP. PROC. 4(b)(1)(A). If a defendant appeals his conviction and sentence to the Court of Appeals, then whether or not a petition for a writ of *certiorari* seeking review by the United States Supreme Court is filed, determines the date the judgment becomes final. If a defendant does not file

petition for a writ of *certiorari* the one-year statute of limitations begins to run once the time for seeking review by the United States Supreme Court expires. *See Clay v. United States*, 537 U.S. 522, 532 (2003).

In the present case, the judgment was entered on December 2, 2014. ECF No. 20. Any notice of appeal was due fourteen days later. *See* FED. R. APP. P. 4(b)(1)(A). Because Wayne did not appeal his conviction, it became final for purposes of § 2255 on December 16, 2014. Accordingly he had until December 16, 2015 in which to file the instant Motion. Wayne actually filed the instant Motion more than 18 months later, on June 1, 2016. His Motion is untimely and should be denied and dismissed, unless some exception applies.

**b. Statutory Tolling is Not Applicable**: The one year period within which to file a § 2255 motion may, in an appropriate case, begin on the date on which an impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; from the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or, from the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f)(2-4). The § 2255 Motion filed by Wayne sets forth nothing in support of any of these grounds to extend the one year limitations period. There is, therefore, no factual basis to find that any of the § 2255(f)(2-4) statutory provisions apply to this case to extend the one year limitations period beyond the date when the judgment of conviction became final. Unless equitable tolling applies, the motion was not timely filed and should be dismissed.

**c. Equitable Tolling is Not Applicable**:   The Eighth Circuit has held the doctrine of equitable tolling is available to a § 2255 motion, but only "under limited conditions, for example, where extraordinary circumstances beyond a prisoner's control prevent the timely filing." *See Gassler v. Bruton*, 255 F.3d 492, 495 (8th Cir. 2001); *United States v. Martin*, 408 F.3d 1089, 1092 (8th Cir. 2005).  The use of equitable procedures should be infrequent, *see Flanders v. Graves*, 299 F.3d 974, 976 (8th Cir. 2002), and will not be applied if the habeas movant has not diligently pursued his rights, *see Finch v. Miller*, 491 F.3d 424, 427 (8th Cir. 2007).  "Equitable tolling is an exceedingly narrow window of relief." *Maghee v. Ault*, 410 F.3d 473, 476 (8th Cir. 2005).

Wayne has not alleged any extenuating circumstances beyond his control prevented a timely filing, nor has he even relied on the doctrine of equitable tolling.  He does not claim some Government action made it impossible or difficult for him to uncover the facts that he now asserts in support of his claims.  He does not allege the Government somehow lulled him into inaction.  He does not refer to any extraordinary circumstances, attributable to the Government or to any other external cause, that prevented him, in the exercise of reasonable diligence, from discovering the facts upon which his claims are based soon enough to enable him to bring a timely habeas petition.  In sum, Wayne has failed to allege and establish any factual basis whatsoever to fit within the "exceedingly narrow window of relief" that equitable tolling provides, and his § 2255 motion should be dismissed.

**4.    Evidentiary Hearing**:

Based on the record in this case, I also conclude an evidentiary hearing is not required in this matter.  Wayne is clearly not entitled to the relief he seeks.[3]  Further, I find Wayne has not made a

---

[3]"A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or

substantial showing of the denial of a constitutional right, and any request for a certificate of appealability should be denied as well.

5.  **Recommendation**:

Accordingly, based on the foregoing, the Court recommends the instant Motion (ECF No. 23) be **DENIED** and dismissed with prejudice. I also recommend any request of a certificate of appealability be **DENIED.  The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**  See  *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**DATED** this **15th day of August 2017.**

                                              /s/ Barry A. Bryant
                                            HON. BARRY A. BRYANT
                                            U.S. MAGISTRATE JUDGE

---

where the dispute can be resolved on the basis of the record." *Urquhart v. Lockhart, 726 F.2d 1316, 1318-19 (8th Cir.1984).*